BOLISH BOLLMAN, PROSECUTOR, v. JAMES F. McGOVERN, RESPONDENT.

Submitted October term, 1929—Decided May 27, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Rae, King & O'Brien.*

For the respondent, *Turner & Stalter.*

PER CURIAM.

Bolish Bollman, an employe of James F. McGovern, brought suit against the latter for traumatic inguinal hernia, claimed to have come to Bollman as the result of an accident arising out of and in the course of his employment on the ninth day of November, 1927. The workmen's compensation bureau found for Bollman. That judgment was appealed to the Hudson County Court of Common Pleas and an affirmance there had. The record is now before us.

The prosecutor of the writ argues two points, namely,

(1) the petitioner below failed to prove a traumatic hernia within the meaning of the workmen's compensation statute because the evidence failed to show a puncturing or tearing of the abdominal wall and the descent of the hernia, and (2) the defendant failed to prove that there was such prostration that the employe was compelled to cease work immediately.

*Pamph. L.* 1923, *ch.* 49, *p.* 101 (at *p.* 104, *subdiv.* "x"), provides that where there is real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed; and that all other cases will be considered as either congenital or of slow development and not compensable, being a disease rather than an accidental injury, unless conclusive proof is offered of the matters which we shall presently designate, for the purpose of convenience, numerically and comment upon in their order.

The alleged injury occurred while Bollman was engaged in his employment as laborer loading trucks at a steamship pier. He was loading a truck with heavy cases of cigars averaging from two hundred and fifty to three hundred pounds.

The statute to which we have referred requires conclusive proof that the hernia was immediately caused by such sudden effort or severe strain; that

"First. The descent of the hernia immediately followed the cause."

The testimony is that as the workman was lifting these cases of cigars he felt a pain in his right side and felt a lump there about the size of a hen's egg.

"Second. That there was a severe pain in the hernial region." Note the observation just made as to the evidence under "First."

"Third. That there was such prostration that the employe was compelled to cease work immediately."

The testimony is that the workman immediately "knocked off work," doubled up with pain, showed the lump to some of his fellow workmen and sought medical aid.

"Fourth. That the above facts were of such severity that

the same were noticed by the claimant and communicated to the employer within twenty-four hours after the occurrence of the hernia."

The testimony is that the workman immediately, upon feeling the lump, reported to Mr. McGovern, his employer, who was at the time on the dock.

"Fifth. That there was such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia."

The testimony is that the employer, McGovern, forthwith after the accident directed the injured workman to go to Dr. Short, and that the injured man upon going to Dr. Short's office found that he was not in and, therefore, went to St. Francis Hospital. Dr. Sullivan of St. Francis Hospital certified that on November 9th, 1927, he examined Bollman and found that the latter had a right inguinal hernia. Prior to that day Bollman had never had hernia.

The foregoing being the requirements of the statute and portions of the pertinent evidence, the compensation commissioner who heard the evidence determined that Bollman was an employe as alleged and that, in the course of his employment, he suffered an injury that was a traumatic inguinal hernia which was caused immediately by a sudden effort or strain under the conditions imposed by the statute and the commissioner fixed compensation accordingly. The appeal to the Hudson County Court of Common Pleas resulted in an affirmance by that court of the determination of facts and rule for judgment made by the workmen's compensation bureau.

When two independent and distinct tribunals have examined the facts and heard the testimony, we do not think that a conclusion so reached should be lightly disturbed by this court. *Mountain Ice Co.* v. *Durkin,* 6 *N. J. Mis. R.* 1111; *affirmed,* 7 *N. J. Adv. R.* 1152. We are of the opinion that there was ample proof to sustain the findings of the commissioner.

The judgment below is affirmed, with costs.